UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAS FORWARDING (H.K.) LIMITED D/B/A BLUE WORLD LINE<br><br>Plaintiff,<br><br>v.<br><br>MEDITERRANEAN SHIPPING COMPANY S.A.<br><br>Defendant. | **COMPLAINT**<br><br>Case No. 1:25-cv-7469<br><br>IN ADMIRALTY |

**COMES NOW**, Plaintiff, JAS FORWARDING (H.K.) LIMITED D/B/A BLUE WORLD LINE (hereinafter "BWL" and/or "Plaintiff"), by and through the undersigned attorneys, and sues Defendant, MEDITERRANEAN SHIPPING COMPANY S.A., and alleges upon information and belief:

**JURISDICTION AND VENUE**

1. At all relevant times mentioned herein, Plaintiff BWL was and still is a Hong Kong corporation with its principal place of business in Hong Kong.

2. At all relevant times mentioned herein, Defendant, MEDITERRANEAN SHIPPING COMPANY S.A. ("MSC") is a Swiss corporation with its principal place of business in Geneva, Switzerland and doing business in this judicial district as a vessel operating common carrier with an office and place of business at c/o MEDITERRANEAN SHIPPING COMPANY (USA) INC. 420 5th Avenue, 8th Floor, New York, New York, 10018.

3. This is an admiralty matter as designated by Fed. R. Civ. P. 9(h) and this Court has subject matter jurisdiction under § 1331 and § 1333. This matter also involves damages in excess of $75,000 and thus this court has jurisdiction pursuant to 28 U.S.C. § 1332.

4. Venue is appropriate in this Court since MSC is an alien and has offices in this district, does systematic and continuous business in this district and issued a bill of lading with respect to the shipments referenced herein with a forum selection clause in this district.

## FACTUAL BACKGROUND

5. BWL is a non-vessel operating common carrier ("NVOCC") that organizes shipments on behalf of its customer businesses for the purpose of arranging for the transportation of those goods from one location to another location.

6. BWL acts as an intermediary in the transportation of goods and contracts with vessel owning common carriers to physically move the goods upon the oceans and land-based transportation carriers for all other shipments movements.

7. BWL, on behalf of its customer, contracted with Defendant MSC, to arrange transport of 1,659 cartons of headsets in container with reference CAAU8166511 as referenced in MSC bill of lading with reference MEDUGI323049 (hereinafter the "Subject Shipment").

8. On or about July 28, 2024 the Subject Shipment was tendered to and delivered into the custody and/or control of MSC (and/or their agents, servants, and/or subcontractors) in good order and condition, and suitable in every respect for the intended transportation, which MSC received, accepted, and agreed to transport by ocean carriage to destination, for certain consideration.

9. Thereafter, upon arrival at destination in Memphis, Tennessee, it was discovered that the original seal had been compromised and replaced with another seal.

10. When the doors of the container were opened, it was discovered that the vast majority of the Subject Shipment was missing.

11. MSC (and/or its agents, servants, and/or subcontractors) thus failed to deliver the Subject

Shipments to destination in the same good order and condition as they were received.

## COUNT I
### Liability under the Carriage of Goods by Sea Act (COGSA)

12. Plaintiff repeats paragraphs one (1) through eleven (11) as it fully set forth herein.

13. On or about July 28, 2024, MSC agreed to undertake duties and responsibilities as bailees and common carriers in transporting cargo from China to the United States via ocean and rail.

14. MSC issued bill of lading MEDUGI323049; no notations were indicated on the bill of lading establishing a 'clean' acceptance of the Subject Shipment in good order and condition.

15. MSC agreed, in exchange for consideration, to safely transport the Subject Shipment; however, when the Subject Shipment was delivered, it was discovered that the vast majority of the Subject Shipment was missing.

16. The Subject Shipment was lost or stolen in the care, custody, and control of MSC Defendants as a direct and proximate result of MSC's breaches of duty of care, both statutory and otherwise, and in violation of their contractual obligations as set forth in the bill of lading.

17. Plaintiff is the consignee on the subject bill of lading; and has timely interposed a damage claim in excess of $468,973.98 to MSC, no part of which has been paid.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in its favor against MSC together with an award of costs and any other further relief the Court deems just and proper.

## COUNT II
### Breach of Bailment

18. Plaintiff repeats paragraphs one (1) through eleven (11) as it fully set forth herein.

19. On or about July 28, 2024, MSC agreed to undertake duties and responsibilities as bailees and common carriers in transporting cargo from China to the United States via ocean and rail.

20. MSC issued bill of lading MEDUGI323049; no notations were indicated on the bill of lading establishing a 'clean' acceptance of the Subject Shipment in good order and condition.

21. MSC agreed, in exchange for consideration, to safely transport the Subject Shipment; however, when the Subject Shipment was delivered, it was discovered that the vast majority of the Subject Shipment was missing.

22. The Subject Shipment was lost in the care, custody, and control of MSC as a direct and proximate result of the MSC's breaches of duty of care, both statutory and otherwise, and in violation of its contractual obligations as set forth in the bill of lading. To the extent (and in the alternative) that the subject damages occurred during a period to which COGSA does not apply as a matter of statute, MSC is responsible at common law.

23. Plaintiff is the consignee on the subject bill of lading; and has timely interposed a damage claim in excess of $468,973.98 to MSC, no part of which has been paid.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in its favor against MSC together with an award of costs and any other further relief the Court deems just and proper.

Dated: September 9, 2025                    Respectfully submitted,

                                                                       **SPECTOR RUBIN, P.A.**

By:   */s/ Andrew R. Spector*
       Andrew Spector (AS-3887)
       3250 Mary Street, Suite 405
       Miami, FL 33133
       andrew.spector@spectorrubin.com

       */s/ Troy Geisser*
       Troy Geisser, (TG-9012)
       11 Broadway, Suite 615
       New York, New York 10004
       Troy.geisser@spectorrubin.com
       Telephone: (305) 537-2000
       Facsimile: (305) 537-2001

***Attorneys for Plaintiff JAS Fowarding (H.K.) Limited d/b/a Blue World Line***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on September 9, 2025, via the Court's CM/ECF system, which shall notify all counsel of record.

                                                                        **SPECTOR RUBIN, P.A.**

By:   */s/ Andrew Spector*
       Andrew Spector (AS-3887)